**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | | |
|---|---|---|
| **FIBERLIGHT, LLC,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Case No.** _____ |
| | ) | |
| **MILANI CONSTRUCTION, LLC,** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**COMPLAINT**

Plaintiff FiberLight, LLC, by and through its undersigned counsel, as and for its Complaint against Milani Construction, LLC, alleges and states as follows:

**PARTIES**

1.      Plaintiff FiberLight, LLC ("Plaintiff" or "FiberLight") is a Delaware limited liability company authorized to conduct business in Virginia.  FiberLight's principal place of business is in Plano, Texas.

2.      FiberLight's sole member is FiberLight Holdings II, LLC, a Colorado limited liability company.  FiberLight Holdings II, LLC's sole member is FiberLight Holdings I, LLC, a Colorado limited liability company.  The sole member of FiberLight Holdings I, LLC is Fiber SubCo Inc., a Delaware corporation with its principal place of business in Plano, Texas.

3.      Defendant Milani Construction, LLC ("Defendant" or "Milani") is a limited liability company organized under the laws of the District of Columbia and authorized to conduct business in Virginia.  Milani has a principal office address of 2001 Martin Luther King Jr. Ave, SE, Washington, D.C. 20020-7007.

4.    Upon information and belief, Milani's sole member is Saeed Milani-nia, who is a citizen of Maryland.[1]

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because diversity of citizenship exists and the matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

6.    This Court has personal jurisdiction over Defendant and venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claims asserted herein occurred in this district.

## BACKGROUND FACTS

7.    FiberLight constructs, owns, and operates over 20,000 miles of fiber optic cable facilities, a significant portion of which are underground facilities.  A certain amount of the traffic FiberLight carries is sensitive/confidential government traffic.  FiberLight manages a fiber optic cable network that runs through, among other places, Arlington County, Virginia.

8.    Milani is a commercial construction company that services the Maryland-Virginia-D.C. market.

9.    On or about April 11, 2024, Milani initiated a Virginia811 Locate Request – Ticket Number B410202108, a copy of which is attached hereto as **Exhibit 1** (the "Ticket").

10.    In response to the Ticket, on or about April 16, 2024, FiberLight, through a locate company, marked its fiber optic cable facilities (the "Facilities") at the site indicated on the Ticket

---

[1] *See Milani Construction, LLC v. Kimball Construction, Co Inc., et al.*, Civil Action No. 1:23-cv-00356-SAG, Local Rule 103.3 Disclosure Statement (ECF 5) filed by Milani on February 16, 2023, in response to the Court's Order (ECF 3) directing Milani to amend its earlier Local Rule 103.3 Disclosure Statement to identify all members of the LLC and their respective citizenship.

and reported the marking status to the Positive Response System.

11.    FiberLight marked its Facilities to put Milani on notice of the location of its Facilities in advance of Milani's construction work.

12.    FiberLight's conduit containing FiberLight's underground fiber facilities was listed as a marked utility on the Ticket.

13.    At least four (4) other communications companies marked their utilities in response to the Ticket initiated by Milani and/or reported to the Positive Response System in response to the Ticket.

14.    FiberLight's Facilities were re-marked on or about April 22, 2024.

15.    FiberLight owned the Facilities, which were properly located within a utility easement.  FiberLight had obtained all necessary property rights to locate its Facilities lawfully within the utility easement.

16.    On or about April 25, 2024, Milani was excavating with mechanized equipment at or near the utility easement at the intersection of Columbia Pike and S. Adams St. in Arlington County, Virginia, where FiberLight's Facilities were located.

17.    Despite Milani's knowledge of the presence and location of the Facilities through both the Ticket and the marking process, Milani and/or its agents struck and damaged FiberLight's Facilities.

18.    Milani, without the knowledge or consent of FiberLight, and against the will of FiberLight, struck and damaged the Facilities destroying approximately 3,500 feet of cable.

19.    As a result of the actions and/or omissions of Defendant Milani, FiberLight had to initiate emergency repair work and suffered damages, including disturbance of its right of use of and damage to and loss of use of its Facilities, which resulted in actual damages to FiberLight in

the amount of at least $116,064.87.

**FIRST CLAIM FOR RELIEF**
**(Violation of Virginia Underground Utility Damage Prevention Act,**
**Va. Code Ann. § 56-265.14 *et seq*.)**

20.     FiberLight repeats and realleges all allegations set forth in paragraphs 1 through 19 above as if set forth fully herein.

21.     The Virginia Underground Utility Damage Prevent Act is codified at Va. Code Ann. § 56-265.14, *et seq*.

22.     FiberLight is an operator of a utility line pursuant to Va. Code Ann. § 56-265.15.

23.     FiberLight is an operator that is a member of the notification center covering the area in which the damage to its utility line took place.

24.     Milani is a person pursuant to Va. Code Ann. §§ 56-265.15 and 56-265.25(A)(1).

25.     The Facilities are a utility line pursuant to Va. Code Ann. § 56-265.15.

26.     On or about April 16, 2024, and again on April 22, 2024, the Facilities were a utility line marked by a contract locator.

27.     On or about April 25, 2024, Milani was a person excavating with mechanized equipment at or near the utility easement near the intersection of Columbia Pike and S. Adams St. in Arlington County, Virginia, in which FiberLight's Facilities were located.

28.     On or about April 25, 2024, Milani failed to exercise due care to avoid interference with or damage to a utility line that FiberLight, an operator, had marked.

29.     On or about April 25, 2024, Milani violated the Virginia Underground Utility Damage Prevention Act resulting in damage to FiberLight's utility line.

30.     Milani's actions in damaging the Facilities are the kind of harm the Virginia Underground Utility Damage Prevention Act is designed to prevent.

4

31.     FiberLight is a protected operator under the Virginia Underground Utility Damage Prevention Act.

32.     Va. Code Ann. § 56-265.25(A)(1) provides: "If any underground utility line is damaged as a proximate result of a person's failure to comply with any provision of this chapter, that person shall be liable to the operator of the underground utility line for the total cost to repair the damaged facilities as that cost is normally computed by the operator, provided the operator is a member of the notification center covering the area in which the damage to the utility line takes place.  The liability of such a person for such damage shall not be limited by reason of this chapter."

33.     Milani's violation of the Virginia Underground Utility Damage Prevention Act is negligence *per se* pursuant to Va. Code Ann. § 56-265.25(A)(1).

34.     As a result of the actions and/or omissions of Defendant Milani, FiberLight had to initiate emergency repair work and suffered damages, including disturbance of its right of use of and damage to and loss of use of its Facilities, which resulted in actual damages to FiberLight in the amount of at least $116,064.87.

**WHEREFORE**, Plaintiff FiberLight prays this Court grant judgment in its favor against Defendant Milani on FiberLight's First Claim for Relief, awarding FiberLight actual damages in the amount of at least $116,064.87, interest thereon as allowed by law, all costs of this action, and such other and further relief as the Court may deem appropriate.

## SECOND CLAIM FOR RELIEF
### (Trespass)

35.     FiberLight repeats and realleges all allegations set forth in paragraphs 1 through 34 above as if set forth fully herein.

36.     During the course of its construction work, Milani improperly disregarded the markings placed by FiberLight and the information available on the Ticket.

5

37. Milani neither sought nor obtained permission from FiberLight to alter or modify its Facilities to perform its construction work.

38. As a result of Milani's actions and/or omissions, Milani damaged FiberLight's Facilities and FiberLight suffered losses.

39. Milani's actions and/or omissions substantially interfered with FiberLight's Facilities by rendering them non-functional as demonstrated by the reported service outages.

40. FiberLight was forced to repair the Facilities to restore service to its customers.

41. FiberLight incurred $116,064.87 in repair costs, plus additional damages for service losses, business interruption, and lost revenue.

**WHEREFORE**, Plaintiff FiberLight prays this Court grant judgment in its favor against Defendant Milani on FiberLight's Second Claim for Relief, awarding FiberLight actual damages in the amount of at least $116,064.87, interest thereon as allowed by law, all costs of this action, and such other and further relief as the Court may deem appropriate.

## THIRD CLAIM FOR RELIEF
### (Negligence)

42. FiberLight repeats and realleges all allegations set forth in paragraphs 1 through 41 above as if set forth fully herein.

43. Milani owed a duty to FiberLight to exercise reasonable care in the execution of its underground excavation.

44. Milani owed a duty to FiberLight to exercise reasonable care in ensuring that its employees were properly trained and supervised to conduct Milani's underground excavation.

45. Milani owed a duty to FiberLight to exercise reasonable care in the identification and avoidance of the marked utilities on the Ticket and clear evidence of unmarked utilities.

46. It was reasonably foreseeable that Milani's breach of any of these duties to

6

FiberLight would cause harm to FiberLight in the form of cuts, breaks, or other damage to FiberLight's Facilities and its ability to transmit traffic over its Facilities.

47.    On or about April 25, 2024, Milani breached the duties it owed FiberLight by, *inter alia*:

a.    Failing to determine the approximate location of all underground utility facilities in the area of proposed excavation before beginning excavation as required by applicable law, regulations, and industry standards;

b.    Failing to determine the exact location of all underground utility facilities in the area of proposed excavation when the excavation approached the approximate location of the facilities;

c.    Failing to plan and/or perform its underground excavation to avoid interference with or damage to the Facilities as required by applicable industry standards;

d.    Failing to exercise due care to avoid damage to the Facilities during its excavation work;

e.    Failing to adequately train its employees and/or agents regarding the proper precautionary measures related to underground excavation in and around the Facilities; and/or

f.    Failing to adequately supervise its employees and/or agents to ensure that they used due care in, and employed the proper precautionary measures related to, underground excavation in and around the Facilities.

48.    Milani's breach of its duties was a direct and proximate cause of FiberLight's damages.

49.    As a result of the actions and/or omissions of Defendant Milani, FiberLight had to initiate emergency repair work and suffered damages, including disturbance of its right of use of and damage to and loss of use of its Facilities, which resulted in actual damages to FiberLight in the amount of at least $116,064.87.

**WHEREFORE**, Plaintiff FiberLight prays this Court grant judgment in its favor against Defendant Milani on FiberLight's Third Claim for Relief, awarding FiberLight actual damages in the amount of at least $116,064.87, interest thereon as allowed by law, all costs of this action, and such other and further relief as the Court may deem appropriate.

April 17, 2026                                          Respectfully submitted,


By:/s/        *Annemarie DiNardo Cleary*
Annemarie DiNardo Cleary, Esq. (VSB # 28704)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Riverfront Plaza – West Tower
901 East Byrd St., Suite 1105
Richmond, VA  23219
Tel:  804.788.7768 | Fax:  804.698.2950
acleary@eckertseamans.com

Edward J. Longosz, II (VSB # 39411)
Constantine E. Politis (VSB # 97168)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, 12th Floor
Washington, DC 20006
Tel: (202) 659-6606
Fax: (202) 659-6699
cpolitis@eckertseamans.com

*Counsel for Plaintiff FiberLight, LLC*

8